# IN THE COURT OF APPEALS OF IOWA

No. 21-0455
Filed June 15, 2022

**U.S. BANK NATIONAL ASSOCIATION,**
    Plaintiff-Appellee,

**vs.**

**JEFFREY S. BITTNER, Individually and as Trustee of the JOAN Y. BITTNER MARITAL TRUST,**
    Defendant-Appellant,

**and**

**MIDWESTONE BANK, as Conservator of the JOAN Y. BITTNER MARITAL TRUST,**
    Defendant-Appellee,

**and**

**JOAN Y. BITTNER, KIMBERLY MONTGOMERY, TODD RICHARD BITTNER and LYNN VON SCHNEIDAU,**
    Defendants.
_____

Appeal from the Iowa District Court for Scott County, Thomas Reidel, Judge.

A son appeals the judgment declaring his mother the sole beneficiary of his deceased father's individual retirement account.  **AFFIRMED.**

Jeffrey S. Bittner, Davenport, for appellant.

Lynn W. Hartman and Nicholas Petersen of Simmons Perrine Moyer Bergman PLC, Cedar Rapids, for appellee U.S. Bank National Association.

Timothy J. Krumm and Danica L. Bird of Meardon, Sueppel & Downer P.L.C., Iowa City, for appellee MidWestOne Bank.

Considered by Tabor, P.J., Badding, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**BLANE, Senior Judge.**

Jeffrey Bittner challenges the district court's declaratory judgment that his deceased father, Richard Bittner, left his individual retirement account (IRA) to his wife Joan rather than to a family trust or a marital trust. The district court declined to consider extrinsic evidence to the IRA agreement and beneficiary designation and determined on their clear language that Richard intended to leave his IRA to Joan. We agree with that reading and affirm.

## I. FACTS AND PRIOR PROCEEDINGS

Richard, an attorney, died in 2019. His family included his wife, Joan, and their four children: Kimberly Montgomery, Jeffrey Bittner, Todd Bittner, and Lynn Von Schneidau. Joan is under a conservatorship, with MidWestOne Bank (MidWestOne) serving as her conservator.

Richard had a final will and testament, executed January 2014, which superseded all prior wills, including one executed in 2010. After his death, the 2014 will was admitted to probate. The co-executors were Richard's son Jeffrey, who is also an attorney, and U.S. Bank. Richard's will also created two trusts to be funded after his death: the R. Richard Bittner Family Trust and the Joan Y. Bittner Marital Trust. One of Richard's assets at his death was his IRA, administered also by U.S. Bank. Back in 2010, at the same time he executed his 2010 will, Richard executed a beneficiary designation form for the IRA, which was still in place when he died.

In July 2020, U.S. Bank, as trustee of the IRA, petitioned for declaratory judgment that the IRA should be transferred in its entirety to Joan, according to the beneficiary designation form. Jeffrey, as trustee of the Joan Y. Bittner Marital

Trust, resisted.[1]  He argued that Joan is not the primary beneficiary of the IRA; that the beneficiary designation makes her an income beneficiary of the marital trust for life, then passes the IRA to the family trust.[2]  MidWestOne appeared in the action as Joan's conservator and took U.S. Bank's position—that the IRA should be transferred to Joan.  Kimberly, Todd, and Lynn joined U.S. Bank's position as well.

At the January 2021 hearing, Jeffrey wanted to introduce documents and testimony that he believed revealed Richard's true intent for his IRA beneficiaries. Among the documents were Richard's 2010 will and a written opinion from U.S. Bank's in-house counsel concluding the marital trust was the proper beneficiary, a position that U.S. Bank held before it asked for declaratory judgment and later disavowed.  Jeffrey also sought to introduce testimony about Richard's intent from Richard's long-serving legal secretary, several of Richard's colleagues, and himself.  The court heard this testimony as Jeffrey's offer of proof.  But ultimately it determined there was no need to resort to extrinsic evidence to interpret the

[1] The court denied Jeffrey's request to allow Richard's estate to intervene.  It found the estate was not an indispensable party to the proceeding.  The estate had no interest in the IRA funds because it was not named in the beneficiary designation. The only connection to the estate was that the marital trust had been named in the beneficiary designation, and Jeffrey was representing those interests as the marital trust's trustee.

[2] Jeffrey also raised a counterclaim that U.S. Bank had a conflict of interest in being both co-executor of Richard's estate and advocating that Joan is the owner of the IRA.  Later, he deferred trial on that question.  Ultimately, the court did remove U.S. Bank as co-executor, not based on Jeffrey's conflict-of-interest argument but because Richard's will permitted Jeffrey to remove U.S. Bank if dissatisfied with their performance and the dissatisfaction did not arise from Jeffrey's conflict of interest.  The removal order was not included in the declaratory judgment file, only the probate file.  But U.S. Bank remains the administrator of the IRA and still needs direction on where to transfer that asset.

designation saying, "The court finds that the intent of Richard is clear and unambiguous from the words of the contract itself, and can decide this matter without the necessity of extrinsic evidence." The court found, "Richard Bittner clearly name[d] his wife, Joan Y. Bittner, as his primary beneficiary. Joan Y. Bittner is to receive a 100 percent share." That intent, the court further found,

> is clear and unambiguous from the words of the contract itself. Richard did not name the trust as the primary beneficiary. Richard used clear and unequivocal language designating his wife, Joan, as the 100 percent primary beneficiary. The remaining language in the IRA beneficiary designation does not support a contrary interpretation nor does it create ambiguity.

Other significant factors included Richard's designation of his children as "contingent beneficiaries" of the IRA, despite the form stating contingent beneficiary designations are not necessary if the primary beneficiary is a trust or estate. The court also found significant that Richard in his will stated the IRA would not become part of the family trust which included all his assets "with the exception of the IRA corpus and/or income." Jeffrey appeals.

## II. SCOPE OF REVIEW

Our review of a declaratory judgment action depends on how the case was tried below. *See In re Coe College*, 935 N.W.2d 581, 586 (Iowa 2019). The parties agree they tried the case at law, so our review is for errors at law. *Id.* But U.S. Bank adds, if we admit the extrinsic evidence to determine the terms of the beneficiary designation, we must use de novo review. *See* Iowa R. App. P. 6.907 ("Review in equity cases shall be de novo.").

## III. ANALYSIS

While there have been many issues surrounding execution of Richard's will and disposal of his IRA, the question in this appeal is narrow: who gets Richard's IRA, Joan or the Bittner Family Trust? This case is heard at law; it is not a probate matter. Still, as with any contract, we read the IRA agreement seeking the intent of the parties from the words of the contract itself. *Lange v. Lange*, 520 N.W.2d 113, 119 (Iowa 1994). We give the language of the contract effect "in accordance with its commonly accepted and ordinary meaning." *Id.* "In the construction of written contracts, the cardinal principle is that the intent of the parties must control, and except in cases of ambiguity, this is determined by what the contract itself says." *DuTrac Comm. Credit Union v. Radiology Grp. Real Est., L.C.*, 891 N.W.2d 210, 216 (Iowa 2017) (citation omitted). "If the intent of the parties is clear and unambiguous from the words of the contract itself, we will enforce the contract as written." *Id.* "If the language of the contract is ambiguous, then we engage in interpretation in order to determine 'the meanings attached by each party at the time the contract was made.'" *Id.* (citation omitted). If the intent is ambiguous, we admit extrinsic evidence "[t]o the extent necessary to reveal the parties' intent." *Id.*

We examine the language at hand. Richard executed a final will and testament in January 7, 2010. On January 11, 2010, he executed his IRA beneficiary designation. Richard executed a new will and testament in 2014, "revoking all former Wills and Codicils." But the IRA designation was never substituted or amended at any time before his death in 2019. At the time of his death, the IRA was valued over $3.5 million. Richard's estate as a whole was not

large enough to incur federal estate tax, which starts at $11.4 million. The IRA is the largest single asset Richard owned.

The beneficiary designation form starts, "I, the Grantor, do hereby direct U.S. Bank N.A., as Trustee of the IRA Trust, to disburse, in the event of my death, all monies or other property held for my benefit in the IRA Trust to the beneficiary(ies) enumerated below." It provides lines to set out primary beneficiaries (part "A"), contingent beneficiaries (part "B"), and successor beneficiaries (part "C"). The form only provides enough space to list three primary and three contingent benficiaries. It also gives a checkbox stating, "If the space provided below is not adequate for any of your beneficiary designations, check this box and attach a separate addendum specifying your beneficiary designations." Richard checked this box and attached a type written addendum. The first item on the addendum is:

A. Primary Beneficiary:

| | |
|---|---|
| Name: | Joan Y. Bittner |
| U.S. Citizen: | Yes |
| Relationship: | Wife |
| SSN: | XXXXXXXXX |
| DOB: | XXXXXXXXX |
| Share: | 100% |
| Address: | XXXXXXXXX |
| | XXXXXXXXX |

The information mimics what the form requires the grantor to provide. But after this, Richard provided the following narrative:

My wife, Joan Y. Bittner, is and shall be a primary beneficiary under my IRA Account No. XXXXX which is currently administered by U.S. Bank, N.A. Joan Y[.] Bittner is the primary beneficiary under the Joan Y. Bittner Marital Trust under my Last Will & Testament dated January 11, 2010[,] and she shall be entitled to all annual

distributions from my IRA based upon her life expectancy under the then applicable federal income tax rules and regulations.

The value of such IRA, to the extent necessary to achieve the marital deduction which shall result, shall be included in the Joan Y. Bittner Marital Trust.

That part of such IRA which is necessary to achieve the minimum marital deduction which will result in no federal income tax is devised to the Joan Y. Bittner Marital Trust with respect to which Joan Y. Bittner is the beneficiary.

Next, Richard set out section "B. Contingent Beneficiaries." Here he listed his four children along with the required information for each child. At the bottom, he added this paragraph:

Upon the death of my wife, my children Kimberly Montgomery, Jeffrey S. Bittner, Todd R. Bittner[,] and Lynn Von Schneidau, shall become the primary beneficiaries and each shall have an equal share. In the event any child of mine shall not survive me and my wife and is survived by descendants, then such descendants shall succeed to the interest of my child (or children) herein.

Returning to the form, section "C" provides for "Successor Beneficiary(ies)," saying, "If a beneficiary who survives me dies before his or her entire interest in the IRA has been distributed, the following shall become entitled to that deceased beneficiary's interest[.]" Given three check-box options, Richard chose the first, "The then living descendants, per stirpes, of the deceased beneficiary."

Jeffrey's position on appeal is that the district court erroneously read the beneficiary designation to give the IRA entirely to Joan, which he believes renders the final paragraph of the type written page superfluous.

His first argument is that the form does not define "primary beneficiary" so it is not clear that Richard meant for Joan to be the "100% owner" of the IRA after his passing. Next, he asserts that the final paragraph of the addendum, where Richard says that "[u]pon the death of [his] wife," his four children "become primary

beneficiaries," is rendered superfluous if we read the primary beneficiary designation as making Joan owner of the IRA. He asserts the district court gave no explanation for this sentence.

To the first point, we find no error in the district court's interpretation of the plain language of the beneficiary designation. The form does not need to define "primary beneficiary" because the commonly understood meaning of "primary beneficiary" is that the named person will be the successor to the grantor's interest. In the wills and estates context, a beneficiary is "[s]omeone designated to receive money or property from a person who has died." *Beneficiary*, *Black's Law Dictionary* (11th ed. 2019). This is opposed to a "contingent beneficiary," "[a] person designated by the testator to receive a gift if the primary beneficiary is unable or unwilling to take the gift." *Contingent beneficiary*, *Black's Law Dictionary* (11th ed. 2019).

Richard wrote that Joan would get a "100%" share under section "A" setting out the "Primary Beneficiary." In his own words, he called her his "primary beneficiary under my IRA Account." He did not name the marital or family trust in section A as a primary beneficiary. In fact, the family trust was not named in the beneficiary designation at all. The marital trust was named only to note Joan is its primary beneficiary and any part of the IRA "which is necessary to achieve the minimum marital deduction which will result in no federal income tax" would go to the marital trust. All parties agree that the estate never reached the threshold for federal income tax, so the marital trust received nothing from the IRA. Jeffrey insists Richard calling Joan "*a* primary beneficiary" has significance in suggesting there were other "primary beneficiaries." But we read the use of "a" as meaning

simply that Joan was a primary beneficiary *rather than* a contingent or successor beneficiary. The designation form also lists her alone under the heading "Primary Beneficiary" signaling Richard's intent to name a single person his primary beneficiary. The beneficiary designation form also specified that the grantor need not set out contingent beneficiaries if the primary beneficiary was a trust. Richard set out his contingent beneficiaries, so a trust could not have been within his contemplation as the primary beneficiary, beyond the taxation purpose he specified.[3] So we find no error in the district court's conclusion Joan in her personal capacity was the primary beneficiary of the IRA. The language Richard used to make his designation does not give rise to an ambiguity as Jeffrey argues.

Still, Jeffrey insists his mother is the lifetime beneficiary of the IRA with the remainder to the family trust for the benefit of the four children.[4] He argues the district court did not explain the last paragraph of the beneficiary designation, which states, "Upon the death of my wife, my children . . . shall become the primary beneficiaries and each shall have an equal share." Jeffrey argues if Joan were the

---

[3] In its brief on appeal, MidWestOne points out that the marital trust may be viewed as a primary beneficiary based on the contingency that the estate would be subject to estate tax, which would have resulted in Joan being "a" primary beneficiary and the marital estate being "a" primary beneficiary. But that contingency never occurred, making Joan the sole primary beneficiary.

[4] One of Jeffrey's arguments in support of this position is that the beneficiary designation, executed around the same time as the 2010 will, must be read together with that will. *See Taylor Enter., Inc. v. Clarinda Prod. Credit Ass'n*, 447 N.W.2d 113, 115 (Iowa 1989) (holding "[i]nstruments relating to the same transaction which are contemporaneously executed should be construed together"). The 2010 will does include the statement that Joan "shall be entitled to all annual distributions from my IRA based upon her life expectancy," which Jeffrey argues gives her a life interest only. The trouble is that Richard emphatically revoked the 2010 will and any other wills (including another he executed in 2012) when he executed his 2014 will. But he never changed his beneficiary designation form. We cannot give consideration to a will Richard revoked.

outright owner of the IRA, she could change any beneficiaries as she chose and there would be no remaining interest for the children to receive upon Joan's death. Thus, he argues Joan cannot be the outright owner.

We disagree. If Richard wanted to give Joan a life interest only in the income of the IRA and not give her the ability to change the subsequent beneficiaries, he could have done so by naming her a lifetime beneficiary or giving her the income for life or placing the entire IRA into her marital trust and specifying the remainder to the family trust. He did not do so. The clear meaning of the sentence is to explain the operation of the beneficiary designations: if Joan died before Richard, his children would no longer be contingent beneficiaries; they would be primary beneficiaries and take equal shares.

But Jeffrey is not satisfied with that reading. He argues it renders the final paragraph superfluous[5] and therefore cannot be Richard's intent. He cites the supreme court: "We assume no part of the contract is superfluous or of no effect and a construction giving meaning to all its clauses is preferred." *Estate of Pearson v. Interstate Power*, 700 N.W.2d 333, 343 (Iowa 2005). But the district court's interpretation gives meaning to every clause of the beneficiary designation. The final paragraph explains how the IRA would pass in the event Joan passed before Richard and the children. And the final sentence also clarifies that the descendants of Richard's children "shall succeed in the interest of" a deceased child, in other words, per stirpes. This is consistent with Richard checking the

---

[5] Meaning "exceeding what is sufficient or necessary" or "not needed." *Superfluous*, Merriam-Webster, https://www.merriam-webster.com/dictionary /superfluous (last visited May 9, 2022).

corresponding box in the form's section "C." The court's reading does not render any part of the beneficiary designation superfluous or meaningless. It reads the clauses together to determine Richard's clear intent from the words of the IRA agreement and beneficiary addendum.

Because we determine Richard's intent from the clear words of the agreement and beneficiary addendum and thus within the four corners of the contract, we need not resort to any extrinsic evidence to aid our interpretation. We agree with the district court's exclusion of the offered evidence.

## IV. CONFLICT OF INTEREST

Before the district court, Jeffrey raised a claim that U.S. Bank had a conflict of interest that should prevent it from serving as Joan's advocate in these proceedings. He argued U.S. Bank could not both remain co-executor and challenge the inclusion of the IRA in the estate. But U.S. Bank and MidWestOne are correct that he agreed to defer trial on that question. The district court did not rule on this question in its order granting the declaratory judgment. So we do not address it. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

## V. CONCLUSION

Finding no error in the district court decision, we affirm.

**AFFIRMED.**